■ In the Matter of JOYCE RAHNER, Respondent, v ROBERT J. RAHNER, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Suffolk County (Campbell, J.), entered March 19, 1981, as amended by a further order of the same court, entered May 26, 1981, which found him to be in contempt for his willful failure to comply with a support order of that court dated September 8, 1977, fixed arrears at $16,775, sentenced him to 80 days in jail unless he purged himself by paying $5,000 toward arrears and increased his support payments from $75 per week to $100 per week ($25 being on account of arrears). Order, as amended, modified by deleting the phrase "support order of this court dated September 8, 1977" and substituting therefore the phrase "judgment of the Supreme Court, Suffolk County, dated September 8, 1977". As so modified, order, as amended, affirmed, without costs or disbursements. Appellant's time to pay the $5,000 is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. The technical failure of the order of the Family Court to properly identify the prior order being enforced as the September 8, 1977 decree of the Supreme Court, rather than the September 8, 1977 order of the Family Court, will not suffice to set aside the instant order where petitions were filed to enforce both and the court and all parties understood, at the outset of the hearing, that the Supreme

Court decree had superseded the Family Court order. There was sufficient evidence for the Family Court to find that appellant was concealing his income, that he was able to pay support pursuant to the court directives, and, hence, that he was in willful contempt for failing to comply with the support provisions of the decree. Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.